IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DORA RENEE SHEAN,**

    *Plaintiff*,

v.                                      Case No.: 4:24cv529-MW/MAF

**SHEVAUN HARRIS, et al.,**

    *Defendants*.
_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART
<u>REPORT AND RECOMMENDATION</u>**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 43, and has also reviewed *de novo* Plaintiff's objections, ECF No. 49.

The Magistrate Judge concluded that Plaintiff's complaint, ECF No. 1, was an improper § 1983 challenge to state court adoption proceedings involving Plaintiff's grandchildren and recommended that the case be dismissed for lack of jurisdiction based on the "domestic relations" exception to federal court jurisdiction. In addition, the Report and Recommendation pointed out that Plaintiff's factual allegations primarily concerned events transpired between 2016 and 2019 and were time barred.

In response, Plaintiff contends that the statute of limitations is not applicable because she "was not aware of all the violations of her rights until May of 2024."

ECF No. 49 at 1. To the extent Plaintiff attempts to rely on Florida's doctrine of fraudulent concealment to toll the four-year statute of limitations with respect to her claims, she is mistaken. "Generally, two elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations." *West Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co.*, 163 So.3d 635, 639 (Fla. 2d DCA 2015). Namely, a "plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment." *Id*. (citation and quotation marks omitted). In addition, while the parties' arguments are undeveloped on this point, this Court's own research suggests that fraudulent concealment must be affirmatively alleged in the complaint. *See, e.g.*, *Fedance v. Harris*, 1 F.4th 1278, 1286 (11th Cir. 2021); *see also Fedance*, 1 F.4th at 1287 (holding that plaintiff "did not plausibly allege that [defendants] fraudulently concealed viable claims . . . during the limitations period").

Here, Plaintiff falls short of demonstrating that any Defendant fraudulently concealed any cause of action so as to toll the statute of limitations that bars the challenged claims. At most, Plaintiff's complaint alleges that in late 2020, she and her daughter accidentally found out that her grandchildren were adopted. ECF No. 1 ¶ 68. But Plaintiff fails to explain or affirmatively allege how any Defendant fraudulently concealed any cause of action arising from this information that was not discovered until "late 2020."

Plaintiff also argues that "this is a qui tam suit along with" her § 1983 claims which has a six-year statute of limitations. ECF No. 49 at 8. That is not correct either. Plaintiff's complaint presents twelve counts but does not assert anything more than § 1983 claims and state tort claims. Furthermore, the facts alleged in the complaint transpired between August 2016 and "late 2020." ECF No. 1 at 6-24. Those claims are time barred as correctly found by the Magistrate Judge.

The only event alleged which is not barred is a January 2021 incident involving Defendant Daena Haun Legacy. *Id.* at 25–26. That Defendant is not a "state actor" and, moreover, that incident did not violate Plaintiff's constitutional rights. Plaintiff contends this is not a domestic relations case but, instead, "is a § 1983 case about the ongoing violations of her rights." ECF No. 29 at 2. She contends she is not asking the Court to modify any adoption decrees. *Id.* She also asserts that the *Rooker-Feldman* doctrine does not apply because she was not a party to the prior adoption case. *Id.* at 3.

As to the *Rooker-Feldman* argument, Plaintiff is correct. The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*

3

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff was not a state court loser and, thus, that doctrine does not bar this case.

Plaintiff is also correct that *res judicata* does not apply. ECF No. 49 at 3. Plaintiff is not challenging the decision of a prior case in which she was a party. However, all of Plaintiff's injuries stem from the adoption proceedings and related foster care process. The actions of the Defendants are inextricably intertwined with those events which would appear to be barred by the domestic relations exception. However, there is no need to decide that issue because all of the factual allegations involving state actors transpired more than four years prior to case initiation and are thus time-barred and the only event that is not time-barred involved a private actor who cannot be sued under section 1983.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 43, is **accepted in part and rejected in part**, over the Plaintiff's objections, as this Court's opinion. This Court accepts the recommendation that this case be dismissed because Plaintiff's claims are barred by the statute of limitations, except for any section 1983 claim premised on events involving Defendant Legacy in 2021, which is due to be dismissed because Defendant Legacy is a private actor, and thus, not a proper party under section 1983. This Court rejects the balance of the report and recommendation. Plaintiff's claims

are **DISMISSED with leave to amend**. If Plaintiff believes she can, in good faith, allege facts to support her argument that the statute of limitations is tolled for any of her claims based on any Defendant's fraudulent concealment, she must file an amended complaint alleging such facts **on or before Monday, July 28, 2025.** If Plaintiff does not file an amended complaint on or before July 28, 2025, this Court will enter judgment and close the file.

      **SO ORDERED on July 14, 2025.**

                                  <u>s/Mark E. Walker</u>
                                  **United States District Judge**