# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DORA RENEE SHEAN,**

   *Plaintiff*,

v.                                     Case No.: 4:25cv529-MW/MAF

**SHEVAUN HARRIS, et al.,**

   *Defendants*.

_____/

## ORDER ACCEPTING IN PART, REJECTING IN PART, AND ADOPTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Second Report and Recommendation. ECF No. 70. This Court previously permitted Plaintiff leave to amend her complaint if she, in good faith, could allege facts supporting her argument that the statute of limitations is tolled for any of her claims. ECF No. 53 at 5. This Court has reviewed Plaintiff's amended complaint and compared its factual allegations to the factual allegations included in her original complaint that this Court previously dismissed. The factual allegations in both pleadings are essentially the same and do not save Plaintiff's claims from dismissal based on the statute of limitations or for the other reasons articulated in the Second Report and Recommendation. Accordingly, upon consideration, no objections having been filed by the parties,

**IT IS ORDERED:**

The report and recommendation, ECF No. 70, is **accepted in part, rejected in part, and adopted in part** as this Court's opinion. The pending motions to dismiss, ECF Nos. 59, 60, and 66, are **GRANTED** insofar as Plaintiff has not alleged facts that would toll the statute of limitations, and thus, her claims are barred by the statute of limitations. If the statute of limitations were not at issue, Plaintiff's amended complaint is also due to be dismissed as a shotgun pleading and for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment stating, "Plaintiff's amended complaint, ECF No. 58, is **DISMISSED with prejudice** as barred by the statute of limitations."[1] The Clerk shall close the file.

**SO ORDERED on February 20, 2026.**

                                         **s/Mark E. Walker**
                                         **United States District Judge**

---

[1] Were this case only subject to dismissal for failure to state a claim, the dismissal would likely be without prejudice and with leave to amend a second time. However, since the statute of limitations bars Plaintiff's claims, the dismissal is with prejudice.