## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DORA RENEE SHEAN,**

> ***Plaintiff,***

**v.**                                             **Case No.: 4:24cv529-MW/MAF**

**SHEVAUN HARRIS, et al.,**

> ***Defendants.***

_____/

### ORDER VACATING ORDER AND JUDGMENT, CONSIDERING
### OBJECTIONS, AND ADOPTING IN PART
### <u>REPORT AND RECOMMENDATION</u>

This Court previously rejected in part and adopted in part the Magistrate Judge's report and recommendation without objection from either side and directed judgment be entered dismissing Plaintiff's case as barred by the statute of limitations. habeas petition for lack of jurisdiction. ECF Nos. 73 and 74. On February 23, 2026, however, this Court received Plaintiff's objections due to a delay in the mail. ECF No. 75. Accordingly, this Court directs the Clerk is directed to **VACATE** this Court's order, ECF No. 73, and the judgment, ECF No. 74, so that this Court can consider Plaintiff's objections.

Having considered Plaintiff's objection, ECF No. 75, *de novo*, this Court is not persuaded that they change anything with respect to Plaintiff's failure to allege facts demonstrating that the statute of limitations should have been tolled. Moreover,

Plaintiff's amended complaint is still a shotgun pleading and fails to state a claim for relief. This Court again **accepts in part, rejects in part, and adopts in part** the report and recommendation, ECF No. 70, as this Court's opinion. The pending motions to dismiss, ECF Nos. 59, 60, and 66, are **GRANTED** insofar as Plaintiff has not alleged facts that would toll the statute of limitations, and thus, her claims are barred by the statute of limitations. If the statute of limitations were not at issue, Plaintiff's amended complaint is also due to be dismissed as a shotgun pleading and for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment stating, "Plaintiff's amended complaint, ECF No. 58, is **DISMISSED with prejudice** as barred by the statute of limitations."[1] The Clerk shall close the file.

        **SO ORDERED on February 25, 2026.**

                              **s/Mark E. Walker**
                              **United States District Judge**

---

[1] Were this case only subject to dismissal for failure to state a claim, the dismissal would likely be without prejudice and with leave to amend a second time. However, since the statute of limitations bars Plaintiff's claims, the dismissal is with prejudice.